**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4269**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CURTIS MARCEL BARNETTE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:20-cr-00434-TDS-1)

———————

Submitted:  April 20, 2023                                Decided:  April 24, 2023

———————

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Marcel Barnette appeals the aggregate 240-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and transporting a stolen vehicle in interstate commerce, in violation of 18 U.S.C. § 2312.  On appeal, Barnette argues that the district court erred in computing his criminal history score and in declining to award an acceptance-of-responsibility reduction.  Barnette also asserts an unspecified challenge related to his pre-plea suppression motion, which was not ruled on by the district court.  In its response brief, the Government moves to dismiss this appeal as barred by the broad appellate waiver included in Barnette's plea agreement and because Barnette did not enter a conditional guilty plea.  *See* Fed. R. Crim. P. 11(a)(2).  Barnette declined the opportunity to oppose dismissal.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  "We review the validity of an appellate waiver de novo."  *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (emphasis omitted).  "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal."  *Id*. (internal quotation marks omitted).  "When a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid."  *Boutcher*, 998 F.3d at 608.

Barnette does not assert on appeal that the appellate waiver was not knowing or intelligent or that his agreement to the waiver was involuntary. Our review of the plea hearing transcript confirms that Barnette was competent to plead guilty and that he understood the terms of the plea agreement, including the appellate waiver. Therefore, the waiver is valid and enforceable. Moreover, Barnette's challenges to the computation of his criminal history score and adjusted offense level fall within the scope of the waiver, which precluded an appeal of Barnette's sentence on any grounds, save for three exceptions inapplicable here. Finally, we observe that Barnette's attempt to preserve any issue related to his pre-plea motion to suppress fails because Barnette did not enter a conditional guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Abramski*, 706 F.3d 307, 314 (4th Cir. 2013) ("Absent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue." (cleaned up)).

Accordingly, we dismiss this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3